Fred J. Munder, J.
The plaintiff corporation brings this action at law to recover damages for an alleged breach of a contract of assignment. On or about October 14,1955, the plaintiff entered into a written contract with one Philip Yoehmowitz, wherein it agreed to purchase certain described premises situate in Port Jefferson, Town of Brookhaven, Suffolk County, New York. On May 25, 1956 this contract was assigned by agreement in writing to the defendant, which assignment refers to an amendment of the contract of sale making time to be “ of the essence ” and fixing a final closing date of June 15, 1956. The plaintiff claims as damages $6,100 paid by it on account of the contract less $1,000 paid by the defendant upon execution of the assignment, $349 paid for land clearing, survey and title policy, and $3,710 incurred as expenses under contract to Romart Builders for the remodelling of the gas station located on the premises, in all a total of $9,159. Of the $3,710 owed to Romart Builders $500 has been paid and the remainder reduced to judgment.
As a defense to this action the defendant claims that he was fraudulently induced to accept the assignment of the original contract of sale through the false representation of one Robert Spain, an agent of the plaintiff corporation, that the plaintiff had obtained an oral commitment from an oil company to lease the premises, subject of the sale, from the plaintiff or its assignees for a period of 10 years at $285 a month.
*904 The contract of sale duly executed October 14, 1955, by Yochmowitz and the plaintiff corporation as purchaser, the amendment of May 9, 1956, making time “ of the essence ” and fixing a final closing date of June 15, 1956, and the assignment of the contract of sale as amended duly subscribed by the defendant as assignor on May 25, 1956, are a part of the documentary evidence before the court. In consideration of the assignment the defendant agreed to pay the total sum of $6,285, $1,000 upon the execution thereof and the balance on the closing of the contract of sale. In addition thereto he agreed to pay $164 for the title policy and $2,900 then due Romart Builders for improvements to the property, and to hold the assignor harmless from payment of the latter amount in the event a lawsuit for same were instituted.
From the testimony it appears that the defendant met Mr. Spain in March of 1956, through a Mr. Rafter, a real estate salesman, who had obtained a listing of the property from a Mr. Sinclair, a salesman employed by Spain. Spain, a principal stockholder and agent of the plaintiff corporation, showed-defendant the Port Jefferson property and subsequently negotiated an assignment of the plaintiff’s contract to purchase over to the defendant. The written agreement was prepared by a Mr. Raskin, president of and attorney for the plaintiff corporation, and was forwarded to the defendant, who executed same on May 25, 1956, after correcting some typographical errors, as evidenced by his return letter. Upon the defendant’s failure to attend on the final closing date of June 15, 1956, the closing was once more adjourned to July 31, 1956. Again the defendant failed to appear. This, upon the seller’s election, constituted a default under the terms of the contract as amended. The foregoing facts are undisputed. That the plaintiff corporation has already paid $6,449 on account of the contract, land, clearing, survey and title fees, in addition to $500 on account of Romart Builders’ contract, is also not denied.
The defense of fraud is based on a claim that the defendant innocently was induced to enter into the agreement only because of the plaintiff’s representation that it had obtained an “ oral commitment from an oil company to lease the premises ”. The defendant’s own witness (Rafter) testified on cross-examination that, at their first meeting on the premises, Spain did not say any oil company had made a commitment, but merely that two companies, Sinclair and Sunoco, had expressed an interest. Subsequently, on or about May 16,1956, a meeting was arranged at the Garden City office of the Sinclair Oil Co. for the purpose of negotiating a lease. No lease was obtained. The defendant *905 himself testified that he did not get the lease “ as promised ” by Spain.
With full knowledge that no commitment had been obtained, and a fortiori, being an attorney, with knowledge that no “ oral commitment ” would have been binding, the defendant entered into this improvident agreement relying solely on the promises of Spain.
As a general rule, a. representation to be the basis of a charge of fraud must be one of an existing fact as distinguished from a promissory representation. (Clark, New York Law of Contracts, § 177.) I find nothing in the evidence to sustain the contention that this defendant was induced to enter into the agreement in reliance upon any misrepresentation as to an existing fact. He knew no lease was actually entered into and, particularly as an attorney at law, he should have known that a “ firm commitment ” was not a valid lease in fact. With full knowledge of the true facts he failed to protect himself by making the agreement subject to a condition. His sole excuse for not so doing is that Spain had told him it would be difficult to put the deal over with his (Spain’s) associates if the contract was conditional.
Judgment is directed to be entered in favor of the plaintiff in the amount of $9,349 less $1,000 paid, or $8,349, plus interest and costs, that being the amount for which the defendant became liable in default under the terms of the agreement.
The above constitutes the decision of this court in accordance with the provisions of section 440 of the Civil Practice Act.